# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br>vs.<br>ANNA BAKER,<br><br>　　　　Defendant. | No. CR14-4088-7-LTS<br><br>**MEMORANDUM OPINION AND ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING MOTION TO DISMISS** |

_____

## *I.     INTRODUCTION AND BACKGROUND*

In an Indictment returned on November 20, 2014, defendant Anna Baker is charged with conspiring to obstruct justice, in violation of 18 U.S.C. § 371, making false statements, in violation of 18 U.S.C. § 1001, concealing evidence, in violation of 18 U.S.C. § 1519, accessory after the fact to the possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 3, and misprision of a felony, in violation of 18 U.S.C. § 4.

Baker has filed a motion to dismiss. In her motion, Baker argues that, even if the allegations in the Indictment are assumed to be true, the Indictment fails to state a § 371 violation against her because her alleged actions did not target or defraud the United States. The prosecution filed a timely resistance to Baker's motion. The prosecution contends that the factual allegations in the Indictment state a viable § 371 violation against Baker. Baker's motion to dismiss was referred to United States Magistrate Judge Leonard T. Strand, pursuant to 28 U.S.C. § 636(b). Judge Strand has filed a Report and

Recommendation in which he recommends that Baker's motion to dismiss be denied. Judge Strand concluded that, accepting all of the allegations in the Indictment as true, the indictment sufficiently describes a conspiracy to defraud that targeted the United States. Therefore, Judge Strand recommends that Baker's motion to dismiss be denied. Neither Baker nor the prosecution have filed objections to Judge Strand's Report and Recommendation.

## II.  LEGAL ANALYSIS

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see* FED. R. CIV. P. 72(b) (stating identical requirements); N.D. IA. L.R. 72, 72.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court may review *de novo* any issue in a magistrate judge's report and recommendation at any time. *Id*. If a party

2

files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, I have reviewed Judge Strand's Report and Recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Federal Rule of Civil Procedure 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting my review, I am not "'left with [a] definite and firm conviction that a mistake has been committed,'" and find no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, I accept Judge Strand's Report and Recommendation and order that Baker's motion to dismiss is denied.

**IT IS SO ORDERED**.
**DATED** this 27th day of February, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA